THOMAS E. HAGAN and Clara L. Hagan, Respondents, v. C. M.
KNUDSON and J. H. Jensen, Copartners Doing Business as
Western Building Company, Appellants.

(173 N. W. 794.)

**Contracts — building contract — loss of rents from failure to complete build-
ing — damages.**

For the partial failure to perform a building contract, resulting in some
loss of rents, the damages must be proximate and reasonable.

Opinion filed May 23, 1919. Rehearing denied July 1, 1919.

Appeal from the District Court of Ward County, Honorable *K. E.
Leighton,* Judge.

Modified.

*Greene & Stenersen,* for appellants.

"While a contract is executory, a party has the power to stop per-
formance on the other side by an explicit direction to that effect, by
subjecting himself to such damages as will compensate the other party
for being stopped in the performance on his part at that hour or stage
in the execution of the contract. The party thus forbidden cannot
afterwards go on and thereby increase the damages, and then recover
such damages of other party." Hamilton v. Feary, 52 Am. St. Rep.
491; Dillon v. Anderson, 43 N. Y. 239; Gibbons v. Bente, 22 L.R.A.
85; Clark v. Marsiglia, 1 Denio, 317; Moline Scale Co. v. Beed, 52
Iowa, 307, 3 N. W. 96; Lord v. Thomas, 64 N. Y. 107; Sutherland,
Damages, § 88, 2d and 3d ed.; 3 Elliott, Contr. § 2151; 8 R. C. L.
p. 442, § 14; Eaton v. Gladwell, 121 Mich. 444, 80 N. W. 292.

The party who has suffered from a breach of a contract may elect
whether he will hold the other party to the full performance of com-
pletion of the work and then recover for the damages because it is not
in accordance with contract, or he may stop the work and recover for
such damages as he can show. In the latter case the rule as shown by
the authorities is that he must then be diligent to minimize the dam-
age to the other party to the contract by doing all within his power to
save himself from loss. Griffith v. Blackwater B. & L. Co. 55 W. Va.
604, 69 L.R.A. 156; Beymer v. McBride, 37 Iowa, 118; Mather v.

Butler Co. 28 Iowa, 259; Johnson v. Brown, 138 Tenn. 395, 198 S. W. 243, Ann. Cas. 1918C, 672; Hale v. Hess, 30 Neb. 42, 46 N. W. 261; Hamilton v. Feary, 8 Ind. App. 615, 52 Am. St. Rep. 491; Hendry v. Squier, 126 Ind. 19; Lexington v. Chanault, 151 Ky. 774, 44 L.R.A.(N.S.) 301, 152 S. W. 939; Kimball Bros. v. Gas & E. Co. (Iowa) 118 N. W. 896; Huntington & Co. v. Parsons (W. Va.) 9 L.R.A.(N.S.) 1132, 57 S. E. 253; Adair v. Bogle, 20 Iowa, 243; Simpson v. Keokuk, 34 Iowa, 568; Ludlow v. Yonkers, 43 Barb. 493; Worth v. Edmonds, 52 Barb. 40; Brant v. Gallup, 53 Am. Rep. 638.

*McGee & Goss,* for respondents.

ROBINSON, J. This is an appeal from a judgment against defendants for $3,175 damages for the failure to erect a building in accordance with a written agreement. There is no statement of the case and no evidence before the court. Hence the appeal must be decided on the judgment roll.

As it appears, on October 2, 1916, the parties made a written agreement for the construction of a store building on a lot in Minot, the same to be under the directions of Stacy Judd as architect, acting as agent for the owners. The plaintiffs agreed to pay for work and material $6,600, and defendants agreed to complete the building by December 1, 1916, the time to be extended in case of a general strike, alterations, fire, or unusual action of the elements. On December 12, 1916, there was made a supplementary contract reciting that the building was in course of construction, and could not be completed until the spring of 1917, and that as constructed the building shall and may be used by J. B. Reed as a tenant of the plaintiffs, commencing January 1, 1917. Then, in February, 1917, the plaintiffs served on defendants a written notice whereby they elected to rescind and cancel the building contract, and demanded that defendants desist from and discontinue any further work upon or the taking of any steps toward the completion of the building. Then, on February 9, 1917, the plaintiffs commenced this action to rescind the contract and to recover damages for nonperformance of the same. Then, on March 8, 1917, defendants commenced an action to recover the reasonable value of the services and materials furnished and used in the construction of the building. The

defendants had been paid $1,500, and in the last-mentioned action the court found the facts thus:

Value of completed building ...........................................$6,600
Expense to complete it ............................................... 1,489

Total value of defendants' labor and material .........................$5,111
By cash payment .................................................... 1,500

Balance due defendants for labor and material .........................$3,611

And it was by the court adjudged that defendants recover from the plaintiffs $3,611 with interest, as a balance due on the reasonable value of the labor and materials.

In this action the court found that plaintiffs, by reason of defendants' failure to do the work according to the plans and specifications, had sustained damages to the amount of $325, and that by reason of defendants' failure to complete the building on time the plaintiffs had lost the rent of the building at $150 a month from January 1, 1917, to August 1, 1918, amounting to $2,850, which, with the special damages, $325, made the total $3,175, for which judgment was given against the defendants. The court also found that with reasonable diligence the work of completing the building could have been done by June 1, 1917. The defendants contend that according to the facts found they were liable only for the rental of the building up to June 1st, five months at $150 a month, making $750, which, with the special damages, $325, makes the sum of $1,075 in lieu of $3,175. The plaintiffs contend that the defendants were not bound to observe the written notice to desist from completing the building, even though an action was commenced to cancel the contract and to recover damages for its nonperformance. They also contend that defendants did not regard the notice to desist, because that after its service they readjusted and rebuilt some walls that by mistake were placed 2 or 3 inches over onto land which the plaintiffs did not own. But such replacing was merely the correction of an error for which the plaintiffs and their architect may have been in part to blame. Doubtless they should have marked the boundaries of the lot. And the building was to be constructed under the direction of the architect. There is no evidence that defendants

intended to withhold the building or to continue the work contrary to the orders of the plaintiffs. The written notice and the action of each party shows conclusively that defendants did not withhold the building or attempt to complete it contrary to the plaintiffs' notice, and the plaintiffs never looked for nor expected the defendants to disregard the notice and to complete the building.

The appeal presents no question only in regard to the loss of rent. The plaintiffs adopted a dog in the manger policy. They refused to permit the defendants to complete the building, and they themselves made no attempt to complete it, while they attempted to charge the defendants a rental of $150 a month for nineteen months, when in less than ten months such a rental would have paid for the completion. There would be some force in the claim that the rent should be allowed for six months from December 1st to June 1st, were it not for the contract with Reed to occupy the building after January 1, 1917, and there is no showing that he did not pay some rent. And then it appears that $150 a month is more than the ordinary rental value of such a cheap building. It is 10 per cent a year on a building worth $18,000. One hundred dollars a month is a good rental for a $6,600 building, with a lot of corresponding value. There is no finding on the rental value of the building. The finding is that Reed contracted to pay $150 a month, but that does not fix the measure of damages. Reed may have contracted to pay a thousand a month. Certain it is that till June 1, 1917, the loss of rent was not more than $750.

For the nonperformance of the building contract the damages must be proximate and reasonable. The plaintiffs are entitled to recover only the special damages, $325, and the loss of rent to June 1, 1917, $750, making the sum of $1,075, with the costs of the trial court. The defendants are entitled to recover the costs of the appeal.

Let judgment be entered accordingly.

CHRISTIANSON, Ch. J. (concurring specially). I concur in the opinion prepared by Mr. Justice Robinson, with the exception of what is said therein with respect to the rental value of the building. The findings of fact are to the effect that the plaintiffs had entered into a rental contract with J. B. Reed at a monthly rental of $150, that this contract was made before the defendants entered into the contract to construct

the building; and that the latter contract was made with knowledge of, and with reference to, the rental contract. Under these circumstances, it seems to me that the rent stipulated for would be the proper measure of damages.

BIRDZELL, J. I concur in the opinion of Mr. Justice ROBINSON, with the qualification stated by Mr. Chief Justice CHRISTIANSON.